IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO.   20- |
| v. | : | DATE FILED: |
| **DEVICTOR WILLIAM HUNT** | : | VIOLATIONS:<br>18 U.S.C. § 1030(a)(5)(A) |
| | : | (intentional damage to a computer - 1 count) |
| | : | 18 U.S.C. § 1343 (wire fraud – 5 counts) |
| | ; | 18 U.S.C. § 1341 (mail fraud – 1 count) |
| | : | Notice of Forfeiture |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

Between on or about November 2, 2019 and on or about November 3, 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**DEVICTOR WILLIAM HUNT**

knowingly caused the transmission of programs, information, codes and commands and as a result of such conduct intentionally caused damage without authorization to a protected computer.  That is, defendant HUNT sent commands to a computer hosting records for Victim 1, known to the grand jury, and without authorization intentionally impaired the integrity of the data, system and information that controlled certain operations of Victim 1's computer system, all of which caused a loss of at least $5,000.

In violation of Title 18, United States Code, Section 1030(a)(5)(A).

## COUNTS TWO AND THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to these Counts of this indictment:

1. Defendant DEVICTOR WILLIAM HUNT was employed as an Information Technology Manager for Victim 1, known to the grand jury, which provided Information Technology services to various client companies. As part of his job with Victim 1, HUNT had access to the depository of passwords for various accounts of clients of Victim 1.

2. Victim 2, known to the grand jury, was a client of Victim 1 that used the services of Square, Inc. to collect Point-of-Sale charges at its cafeteria. When cafeteria customers used the Square system for payment for their purchases, Square would deposit the funds from these sales into the bank account that was the linked account to Square for Victim 2. Square also offered a service where its corporate customers could seek loans from Square.

3. Defendant DEVICTOR WILLIAM HUNT had access to the password for the Square account for Victim 2 as a result of his having access to passwords for Victim 1's clients.

### MANNER AND MEANS

4. On or about November 3, 2019, defendant DEVICTOR WILLIAM HUNT used Victim 2's password to Victim 2's Square account to log into Victim 2's Square account. HUNT then used that access to Victim 2's Square account to attempt to change the bank account linked to Victim 2's Square account to the Wells Fargo Bank account ending in 6546, which was the Wells Fargo Bank checking account owned by HUNT. In furtherance of this attempt, HUNT entered his Wells Fargo Bank checking account number as the linked account for Victim 2's Square account. In doing so HUNT sought to fraudulently direct funds that should have been deposited into Victim 2's bank account into his own Wells Fargo Bank checking account.

5. On or about November 3, 2019, defendant DEVICTOR WILLIAM HUNT, after he had entered his Wells Fargo Bank checking account number as the linked bank account for Victim 2's Square account, used his access to Victim 2's Square account to arrange for a loan in the amount of $7500 from Square to Victim 2. HUNT arranged this loan so that the proceeds of the loan would be paid to the bank account that was then linked to Victim 2's Square account, thus defrauding Square, Inc. into making such a payment into HUNT's own Wells Fargo Bank checking account.

6. On or about November 3, 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**DEVICTOR WILLIAM HUNT**

devised and intended to devise a scheme to defraud Victim 2 of money.

### The Wire Communications

7. On or about the dates shown below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DEVICTOR WILLIAM HUNT**

having devised and intending to devise the scheme described above, for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 2 | 11/3/2019 | Transmission of a wire communication by Defendant HUNT in Philadelphia, PA, to Square, Inc., to a computer outside Pennsylvania, to change Victim 2's linked account |
| 3 | 11/3/2019 | Transmission of a wire communication by Defendant HUNT in Philadelphia, PA, to Square, Inc., to a computer outside |

|  |  | Pennsylvania, to initiate a loan on Victim 2's account. |
|--|--|--|

All in violation of Title 18, United States Code, Section 1343.

## COUNTS FOUR THROUGH SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to these Counts of this indictment:

1. Beginning in January 2018, defendant DEVICTOR WILLIAM HUNT was employed as an Information Technology Manager for Victim 3, known to the grand jury, which was a company that provided Information Technology services to various client companies. HUNT left his job with Victim 3 in August 2019. As part of his job with Victim 3, HUNT had possession of an American Express card belonging to Victim 3.

2. As part of his job, Victim 3 authorized defendant DEVICTOR WILLIAM HUNT to make charges on the American Express card when such charges were necessary and appropriate for the work that HUNT did for Victim 3. Victim 3 did not authorize HUNT to made charges on this American Express card for HUNT's personal expenses.

3. Victim 3 required HUNT to report monthly the charges HUNT made using Victim 3's American Express card for purchases and charges in furtherance of HUNT's work for Victim 3.

## MANNER AND MEANS

4. Between on or about February 1, 2019 and on or about August 22, 2019, defendant DEVICTOR WILLIAM HUNT used Victim 3's American Express card to charge approximately 689 personal charges that were not in furtherance of his work for Victim 3. HUNT omitted these charges from the monthly reports that he was required to submit itemizing his authorized charges. The total of the unauthorized charges that HUNT fraudulently made during this period was approximately $147,118.

5. Among the unauthorized charges that defendant DEVICTOR WILLIAM HUNT

made on Victim 3's American Express card were charges for long-term lodging in Philadelphia, Pennsylvania. These include lodging at three Hilton or DoubleTree hotel properties in Philadelphia for the period of August 31, 2019 through April 30, 2020. DoubleTree hotels are owned by Hilton. The charges HUNT placed on Victim 3's American Express card during this period for these stays were approximately $44,207. These are part of the charges referred to in paragraph 4 above.

6. Between on or about February 1, 2019 and on or about August 22, 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**DEVICTOR WILLIAM HUNT**

devised and intended to devise a scheme to defraud Victim 3 of money.

**The Wire Communications**

7. On or about the dates shown below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DEVICTOR WILLIAM HUNT**

having devised and intending to devise the scheme described above, for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 4 | 8/8/2019 | Transmission of a wire communication by the DoubleTree Center City Hotel in Philadelphia, PA, to the Hilton corporation data center computer in Kentucky, in order to receive details of stay and payment. |
| 5 | 8/9/19 | Transmission of a wire communication by the Hilton Garden Inn Hotel in Philadelphia, PA, to the Hilton corporation data center |

6

|   |         | computer in Kentucky, in order to receive details of stay and payment. |
|---|---------|---|
| 6 | 8/26/19 | Transmission of an email from Defendant HUNT in Chicago, IL, to the DoubleTree Airport Hotel in Philadelphia, PA, confirming his reservations. |

All in violation of Title 18, United States Code, Section 1343

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this Count of this indictment:

1. Beginning in January 2018, defendant DEVICTOR WILLIAM HUNT was employed as an Information Technology Manager for Victim 3, which was a company that provided Information Technology services to various client companies. HUNT left his job with Victim 3 in August 2019. As part of his job with Victim 3, HUNT had access to computer equipment and other electronic devices owned by Victim 3.

2. Vendor A, known to the grand jury, was a commercial business located in Chicago, Illinois, that was in the business of purchasing and reselling used electronic devices and computer equipment. As part of Vendor A's Terms of Service, any person offering to sell such used equipment to Vendor A had to be "the owner of the device [he or she was] selling." Any person offering to sell devices to Vendor A had to check a box on the submission form for the device accepting these Terms of Service. Vendor A relied on this certification in accepting the used devices being offered by the seller.

**MANNER AND MEANS**

3. Between on or about October 30, 2018 and on or about September 24, 2019, defendant DEVICTOR WILLIAM HUNT, in his own name, delivered approximately eleven electronic devices owned by Victim 3 and sold them to Vendor A. These devices included laptop computers and a tablet, manufactured by Apple, Dell and Microsoft. In each case defendant HUNT checked the box on Vendor A's submission form and thereby fraudulently and falsely asserted that he was the owner of the devices. Defendant HUNT did not have Victim 3's permission to take and sell these devices. Vendor A paid defendant HUNT approximately $8,928 for these devices.

4.      Between on or about October 15, 2018 and on or about September 24, 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**DEVICTOR WILLIAM HUNT**

devised and intended to devise a scheme to defraud Vendor A and Victim 3 of money and property.

### The Mailing

5.      On or about the date shown below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DEVICTOR WILLIAM HUNT**

having devised and intended to devise the scheme described above, for obtaining money and property by means of false and fraudulent pretenses and representations, for the purpose of executing the scheme, caused to be deposited a package to be delivered by a private and commercial interstate carrier as described below:

| Count | Date | Description |
|---|---|---|
| 7 | 9/20/2019 | Package deposited with United Parcel Service in Philadelphia, PA for shipment to Vendor A in Chicago, IL. |

All in violation of Title 18, United States Code, Section 1341

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1343 set forth in this indictment, defendant

**DEVICTOR WILLIAM HUNT**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offense, including, but not limited to, the sum of $147,118.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third party;

 (c) has been placed beyond the jurisdiction of the Court;

 (d) has been substantially diminished in value; or

 (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1341 set forth in this indictment, defendant

**DEVICTOR WILLIAM HUNT**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offense, including, but not limited to, the sum of $8,928.00.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

███████████
FOREPERSON OF THE GRAND JURY

*for* ~~Jenfa Wilk~~
**WILLIAM M. McSWAIN**
**United States Attorney**

No._ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

DEVICTOR WILLIAM HUNT

## INDICTMENT

Counts

18 U.S.C. § 1030(a)(5)(A) (intentional damage to a computer - 1 count)
18 U.S.C. § 1343 (wire fraud – 5 counts)
18 U.S.C. § 1341 (mail fraud – 1 count)
Notice of Forfeiture

A true bill.



~~Foreperson~~

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____